**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
kam@kam13trustee.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:**<br><br>**RULON LEE TOLMAN** | **CHAPTER 13**<br><br>**CASE NO.  18-00975-JMM** |

### TRUSTEE'S FINDINGS AND RECOMMENDATIONS

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Recommendation for Confirmation states that she has reviewed the Debtor(s) plan, petition, and any amendments and does not believe that the Plan complies with the provisions of 11 USC Section 1325 (a) and (b) including best effort, best interest and good faith and/or with Section 1326.

**MATTERS AT ISSUE:**

1. The IRS has filed a secured claim in the amount of $42,558.60 which is not provided for in the Debtor's plan.  Confirmation should be denied and the plan amended to provide for this claim.
2. Paragraph 8.1 of the Debtor's plan includes a modification of paragraph 4.3 to indicate that attorney's fees may exceed the amount of $5,000 estimated at a later time. This would amount to a modification of the Debtor's plan and would therefore require a motion to modify the confirmed plan be filed at the time that the additional attorney's fees are requested. Trustee will be unable to determine if the Debtor's plan is funded without knowing in advance the maximum amount of attorney's fees to be paid through the Debtor's plan. Confirmation should be denied and the plan amended to remove this provision.
3. Debtor indicates that his only income is from Social Security. In 2017 the Debtor reported income from insurance sales of $2,473. In the event that the Debtor receives income from insurance sales or from any sources other than Social Security during the term of the plan he will need to file an amended Schedule I.

4. Despite advising that his only income is from social security, pursuant to the Debtor's bank statements the Debtor is receiving two payment per month in the amount of $59.02 and $2.67 from commission payments. It is unclear if these are past amounts due to the Debtor that need to be listed on schedule B or not as debtor testified that he was not receiving any income at all from insurance sales.
5. Trustee has requested a copy of the divorce decree from Debtor's most recent spouse, Barbara Schaeffer. Debtor indicated that he was divorced approximately nine months prior to filing.
6. Trustee has been provided with bank statements from January through June 30, 2018. Debtor filed this case on July 26, 2018. Trustee has requested a copy of the Debtor's July 2018 bank statement.
7. The 341 Meeting of Creditors has been continued to September 17, 2018 as the Debtor failed to provide proof of identification.
8. Counsel for the Debtor will need to file a detailed fee application for attorney's fees requested in the amount of $5,091.

DATED:  September 4, 2018

/s/  Kathleen McCallister
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 4, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

JEFFREY PHILIP KAUFMAN
Attorney at Law
jeffrey@dbclarklaw.com

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

RULON LEE TOLMAN
10165 W MOSSYWOOD DR
BOISE, ID 83709

                                              **/s/**  Matthew Mallard
                                            **Matthew Mallard, Case Administrator**