**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
**kam@kam13trustee.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| **IN RE:** <br><br> **RULON LEE TOLMAN** | **CHAPTER 13** <br><br> **CASE NO.  18-00975-JMM** |

**TRUSTEE'S FINDINGS AND RECOMMENDATIONS**

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Recommendation for Confirmation states that she has reviewed the Debtor(s) plan, petition, and any amendments and does not believe that the AMENDED PLAN FILED 9/21/18 complies with the provisions of 11 USC Section 1325 (a) and (b) including best effort, best interest and good faith and/or with Section 1326.

**MATTERS AT ISSUE:**

1. The IRS has filed a priority claim in the amount of $36,588.07 which is not provided for in the Debtor's plan.  Confirmation should be denied and the plan amended to provide for this claim.
2. Despite having signed the plan with the language that says

    "By filing this document, the Debtor(s), if not represented by an attorney, or debtor(s) attorney also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Idaho Form Chapter 13 Plan, other than any nonstandard provision in Part 8."

    The Debtor has inappropriately modified paragraph 4.3 and 4.4.  With the bankruptcy amendments of December 1, 2017, debtors can no longer modify the form plan merely by placing an asterisk next to a section and typing in their own provisions.  Confirmation must be denied and the plan amended.
3. Paragraph 8.1 of the Debtor's plan includes a modification of paragraph 4.3 to indicate that attorney's fees may exceed the amount of $5,000 estimated at a later time. This would amount to a modification of the Debtor's plan and would therefore require a motion to

modify the confirmed plan be filed at the time that the additional attorney's fees are requested. Trustee will be unable to determine if the Debtor's plan is funded without knowing in advance the maximum amount of attorney's fees to be paid through the Debtor's plan. Confirmation must be denied and the plan amended to remove this provision.

4. Although Debtor has priority debts in excess of $36,000, debtor is not proposing to make any payments on the debt until attorneys' fees are paid in full.
5. Debtor indicates that his only income is from Social Security. In 2017 the Debtor reported income from insurance sales of $2,473. In the event that the Debtor receives income from insurance sales or from any sources other than Social Security during the term of the plan he will need to file an amended Schedule I.
6. Despite advising that his only income is from social security, pursuant to the Debtor's bank statements the Debtor is receiving two payment per month in the amount of $59.02 and $2.67 from commission payments. It is unclear if these are past amounts due to the Debtor that need to be listed on schedule B or not as debtor testified that he was not receiving any income at all from insurance sales.
7. Debtor was divorced on May 24, 2018. Trustee has received a partial copy of the divorce decree. Paragraph 3 is missing and exhibit A is not attached. Trustee needs a complete copy of the divorce decree. Debtor indicated that he was divorced approximately nine months prior to filing but in fact it was just about 63 days.
8. Debtors prior case was filed on March 7, 2017 and closed on March 31, 2017. In debtor's prior case he owned 12.5% of the Glen Tolman Family LLC which managed debtor's mother's real estate that he owned an eighth interest in. The LLC took in rent and paid the mortgage. In the prior case the LLC had about $5,000 in the bank. Trustee will need proof of the value of Debtor's mother's real estate that he had an interest in (an address of that real estate) and proof of the amount of debt against it on the date of filing. If the real estate has been sold or transferred then Trustee will need information on the date the real estate was transferred, the transferee, and the amount received for the transfer.
9. Trustee needs to know what happened to debtor's interest in River Run Vending, LLC.
10. Debtor owned a 1995 Mariah boat, a Jayco trailer, and several four wheelers he transferred to his most recent spouse while he was insolvent and owed past due income taxes for 2012-2016 (post-petition debts). Debtor filed this case 2 years and one day after he transferred the boat to his prior spouse for no consideration. He does not appear to be proceeding in good faith.
11. Trustee has been provided with bank statements from January through June 30, 2018. Debtor filed this case on July 26, 2018. Trustee has requested a copy of the Debtor's July 2018 bank statement.
12. Counsel for the Debtor will need to file a detailed fee application for attorney's fees requested in the amount of $5,091.

DATED: October 22, 2018

                                                **/s/** Kathleen McCallister__
                                                **Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 22, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

JEFFREY PHILIP KAUFMAN
Attorney at Law
jeffrey@dbclarklaw.com

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

RULON LEE TOLMAN
10165 W MOSSYWOOD DR
BOISE, ID 83709

/s/  Kathleen McCallister
**Kathleen McCallister, Trustee**